## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-598 CAS |
| | ) |
| LAWRENCE MICKEY, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff BNSF Railway Company's ("BNSF") motion for a preliminary injunction. Defendant Lawrence Mickey ("Mickey") opposes the motion. Because the Court finds the proposed injunction would violate the Anti-Injunction Act, 28 U.S.C. § 2283, the Court will deny BNSF's motion.

**Background**

This action arises out of a dispute between BNSF and Mickey over the sum of $12,820.80.[1] On February 26, 2010, Mickey won a $345,000.00 jury verdict in the Circuit Court of the City of St. Louis against BNSF on a suit for personal injuries under the Federal Employers' Liability Act. BNSF disputes Mickey's right to $12,820.80 of the judgment. BNSF claims the money should be paid by it to the IRS for federal employment tax and the United States Railroad Retirement Board ("RRB") for sickness benefits. Mickey claims the money must be paid to him in satisfaction of the judgment.

---

[1] Mickey disputes this amount, stating that because of interest accruing at 5.19% per annum, he is owed $19,178.38. (Resp. at 3 n.2). The amount owed is immaterial to the motion for preliminary injunction, however, and the Court will refer to the amount owed as $12,820.80. The Court notes that despite the relatively small amount at issue, the action is contentious and the parties' rhetoric is heated. The parties' dispute over the amount at issue is merely one of several examples.

On April 2, 2012, BNSF filed this interpleader action pursuant to Federal Rule of Civil Procedure 22. BNSF claims jurisdiction in this Court is based upon federal question under 28 U.S.C. § 1331, because the Court will need to make a determination of the parties' rights to the $12,820.80 that it claims is due to the IRS and RRB under the Railroad Retirement Act (45 U.S.C. §§ 231 et seq.) and the Railroad Retirement Tax Act (26 U.S.C. §§ 3201-3241).

On April 27, 2012, BNSF filed a motion for preliminary injunction.[2] In its motion, BNSF states that ten days after it filed this interpleader action, Mickey filed a motion for judgment on supersedeas bond in his state court action, bringing the surety, Safeco Insurance Company of America, into that action. A hearing is scheduled on the motion for judgment on supersedeas bond in the Circuit Court of the City of St. Louis on May 11, 2012. BNSF seeks an injunction to enjoin Mickey from proceeding in state court with his motion for judgment on the supersedeas bond or any other action to collect the disputed $12,820.80 until a determination is made by this Court in this interpleader action.

**Discussion**

Interpleader is a procedural device whereby a party holding money belonging to another may, in a single suit, join the parties asserting mutually exclusive claims to the money. The stakeholder (in this case, BNSF) is thereby freed from the threat of multiple liability or the vexation of multiple lawsuits. See Gaines v. Sunray Oil Co., 539 F.2d 1136, 1141 (8th Cir. 1976). There are two forms of interpleader: statutory interpleader under 28 U.S.C. § 1335, and rule interpleader under Federal Rule of Civil Procedure 22.

---

[2]In its motion, BNSF also sought to shorten the time for response and sought an expedited hearing on the motion. The Court set an abbreviated briefing schedule, and set a date for a hearing on the motion for preliminary injunction. See Doc. 17.

The instant case is a rule interpleader case, and the Court's power to enter an injunction runs headlong into the Anti-Injunction Act. See 4 Moore's Federal Practice, § 22.04[1] (3d ed. 2011) ("[T]he authority to enjoin parties from litigating in another forum also [is] treated as [it] would be in a regular civil case. . . . [T]he anti-injunction act . . . limit[s] rule interpleader."); Id. at § 22.04[5][b] ("The grant of injunctive power for statutory interpleader is not available in rule interpleader cases.").

The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Anti-Injunction Act prohibits federal courts from enjoining proceedings in state courts unless the injunction falls within one of the three exceptions contained in the Act. See Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1068 & n.4 (8th Cir. 1996). Courts construe the exceptions to the Anti-Injunction Act narrowly and resolve all doubts in favor of letting the state court actions proceed. Id. at 1068 (citing Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 297 (1970)).[3]

In the context of rule interpleader actions, courts have found interpleader falls under either the "in aid of jurisdiction" exception or the "necessary to effectuate a judgment" exception to the Anti-Injunction Act. See, e.g., General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 707 (7th Cir. 1991) (discussing "in aid of its jurisdiction" exception); Truck-A-Tune, Inc. v. Re, 856 F. Supp. 77, 80-82 & n.10 (D. Conn. 1993) ("The Anti-Injunction Act does not *preclude* the Court from enjoining

---

[3]It is immaterial that BNSF seeks an injunction directed at Mickey and his attorneys, as opposed to the state court itself. This does not evade the application of the Anti-Injunction Act. See 17A Moore's Federal Practice, § 121.05 (3d ed. 2011).

the defendants from initiating or pursuing an action in state or federal court, if necessary to effectuate a judgment.").

BNSF argues that an injunction in this case would fall under the "in aid of jurisdiction" exception to the Anti-Injunction Act. (Reply at 3). BNSF states that by filing his motion for judgment on supersedeas bond, Mickey is "attempting an end run around this court's jurisdiction" and "seeking to deprive this court of jurisdiction in an interpleader action by means of a subsequently filed state court action against the surety without all the necessary and indispensable parties to the case." Mot. at ¶ 16. BNSF also states that Mickey's motion for judgment on supersedeas bond creates the possibility of conflicting rulings between the state and federal courts. Id. at ¶ 17.

Although courts have issued injunctions in rule interpleader cases to protect federal court jurisdiction, these cases typically involve injunctions to prohibit parties from filing threatened duplicative actions in other courts. See, e.g., Nebraska Ass'n of School Bds., Inc. v. Strategic Governmental Solns., Inc., 2008 WL 1774989, *3 (D. Neb. Apr. 14, 2008) (enjoining threatened duplicative actions); Geler v. National Westminster Bank USA, 763 F. Supp. 722 (S.D.N.Y. 1991) ("Allowing litigation to go forward on individual claims while a rule interpleader action is pending in federal court would defeat the entire purpose of the interpleader remedy, which is to avoid the possibility of multiple litigation leading to multiple liability."); cf. Metropolitan Life Ins. Co. v. Probst, 2009 WL 3740775 *2 (D. Ariz. Nov. 6, 2009) (denying injunctive relief because no duplicative action or threat of any action imminent). This exception also applies in cases involving mass torts in which an insurer brings together all potential claimants to a common fund in a federal interpleader action. See Pan Am. Fire & Cas. Co. v. Revere, 188 F. Supp. 474, 483-486 (E.D. La. 1960) (enjoining all parties from further prosecuting pending suits against plaintiff insurer). In Diabo v. Delisle, cited by BNSF, the district court noted that the "in aid of jurisdiction" exception applied

(1) where the federal court has been heavily involved in settlement negotiations or the formulation of a consent decree; (2) where issues subsequently raised in state court could not be separated from relief previously ordered in federal court; and (3) where a district court retains jurisdiction over suits related to a consent decree. Diabo v. Delisle, 500 F. Supp. 2d 159, 166 (N.D.N.Y. 2007).

Construing the exceptions to the Anti-Injunction Act narrowly, the Court finds that the "in aid of jurisdiction" exception to the Anti-Injunction Act is not applicable to this case. As a threshold issue, the Court notes that although BNSF refers to Mr. Mickey's motion for judgment on the supersedeas bond as a "second-filed state court action," the motion is not a later-filed state court action. Mickey's state court case has been pending nearly four years. His motion to enforce the supersedeas bond seeks to enforce a jury verdict that was awarded in 2010. In fact, the "second-filed action" is this interpleader action filed by BNSF, seeking the federal court's aid in interpreting the tax implications of the jury verdict issued in state court. The injunction sought by BNSF will not enjoin threatened or duplicative actions in state court, but will take the issue of taxation of a jury verdict away from the state court that tried the case, instructed the jury, drafted the verdict director, entered the verdict, and issued the judgment. This is not the purpose of the "in aid of jurisdiction" exception to the Anti-Injunction Act.

To enjoin the state court proceedings under these circumstances would do substantial harm to the fundamental precepts of federalism and comity between federal and state courts embodied in the Anti-Injunction Act. See generally Mitchum v. Foster, 407 U.S. 225, 232-36 (1972) (discussing the history and purpose of the anti-injunction statute). The principles of federalism and comity demand that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." In re BankAmerica Corp. Sec. Litig., 263 F.3d 795, 803-04 (8th Cir

2001) (quoting Atlantic Coast Line R.R. v. Bd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970)). The comity doctrine "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" Rhines v. Weber, 544 U.S. 269, 274 (2005) (citation to quoted case omitted).

      BNSF seeks an injunction to stay a state court action that has been pending for nearly four years and has proceeded through a jury trial, verdict, and appeal. The issue to be decided is whether the jury verdict in state court is subject to Railroad Retirement and Medicare taxes. Mickey has filed a motion to enforce the supersedeas bond in state court, and that motion will be heard May 11, 2012. Presumably BNSF can respond to Mickey's motion to enforce the supersedeas bond, and raise the question of taxation in the state court proceeding. The state court can address the taxation questions, and BNSF can appeal any unfavorable decision through the Missouri state courts. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts . . . ." Truck-A-Tune, 856 F. Supp. 77 at 82 (quoting 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1704 at 503 (2d ed. 1986)). Because the Court does not find that this case falls within the narrow "in aid of jurisdiction" exception to the Anti-Injunction Act, and because to enjoin the state court proceedings in these circumstances would run counter to principles of federalism and comity, the Court will deny BNSF's motion for preliminary injunction.

**Conclusion**

BNSF seeks a preliminary injunction preventing Mickey from proceeding in state court with his motion for judgment on supersedeas bond.  The Court finds no exception to the Anti-Injunction Act in this case, and the Court denies BNSF's motion for preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff BNSF Railway Company's motion for a preliminary injunction, motion to shorten time for response and expedited hearing on its motion is **DENIED**. [Doc. 15]

**IT IS FURTHER ORDERED** that the hearing on plaintiff BNSF Railway Company's motion for preliminary injunction set for Thursday, May 10, 2012 at 10:30 a.m. is **vacated**.

                                                                     **CHARLES A. SHAW**
                                                                     **UNITED STATES DISTRICT JUDGE**

Dated this 9th day of May, 2012.